# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SARAH MORRISON, | § | |
| | § | Civil Action No. 4:16-CV-00932 |
| v. | § | Judge Mazzant |
| | § | |
| PFSWEB, INC., | § | |

## MERMORANDUM OPINION AND ORDER

Before the Court is PFSweb, Inc.'s ("PFS") Motion for Summary Judgment (Dkt. #17). After reviewing the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

On December 7, 2016, Sarah Morrison ("Morrison") filed her Complaint against PFS, alleging sex-based discrimination and retaliation (Dkt. #1). PFS filed its Answer on January 5, 2017 (Dkt. #4). On August 18, 2017, Defendant filed its Motion for Summary Judgment (Dkt. #17). Plaintiff filed her Response on September 8, 2017 (Dkt. #21). On September 18, 2017, Defendant filed its Reply (Dkt. #23). Plaintiff filed her Sur-Reply on September 26, 2017 (Dkt. #25).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court

"must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any

credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The relevant pleadings reveal a stark dispute of material fact. Morrison claims that sex-discrimination and retaliation by her superior were the root and core and cause of her termination. Conversely, PFS claims that Morrison's poor performance, inappropriate workplace behavior, and non-compliance with her Performance Improvement Plan led to her firing. Even the content of the private conversation between Morrison and her supervisor is at issue. The resolution of these factual disputes will decide this lawsuit. Thus, a genuine dispute of material fact bars the Court from granting Defendant's Motion for Summary Judgment.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #17) is **DENIED**.

**SIGNED** this 9th day of November, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE